IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| WILCOX & GIBBS, INC., et al. | ) | |
| | ) | Case No. 99-928 (PJW) |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| REXEL, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-850 (GMS) |
| | ) | |
| JUDITH MONTILLA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

**REPLY BRIEF OF APPELLANT REXEL, INC.**

PEPPER HAMILTON LLP
David M. Fournier (DE No. 2812)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

Attorneys for Appellant, Rexel, Inc.

Dated: June 15, 2005

WL: #170229 v4 (3NCL04!.DOC)

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................2
ARGUMENT........................................................................................................................2
    A.   Plaintiff's Delay Contravenes the Federal Remand Statutes................................2
    B.   Bankruptcy Court Improperly Shifted the Burden of Proof.................................5
    C.   The Court Should Maintain One Forum for Litigation ........................................6
CONCLUSION ....................................................................................................................6

-ii-

# TABLE OF AUTHORITIES

## CASES

In re Asbestos Litigation, 2002 U.S. Dist. LEXIS 3083 (D. Or. 2002) ............................................. 3

Billington v. Winograde (In re Hotel Mt. Lassen, Inc.), 207 B.R. 935 (Bankr. E.D. Cal. 1997) ............................................................................................................................. 2, 3

In re Methyl Tertiary Butyl Ether, 341 F. Supp. 2d 386 (S.D.N.Y. 2004) ....................................... 5

In re Primary Health Services, Inc., 227 B.R. 479 (Bankr. N.D. Ohio 1998) ................................. 6

Things Remembered v. Petrarca, 516 U.S. 124 (1995) ............................................................... 2, 3

## STATUTES

28 U.S.C. §§ 1447(c) ........................................................................................................................ 2

U.S.C. Section 1446 ......................................................................................................................... 3

U.S.C. Section 1447(c) ............................................................................................................ 2, 3, 4, 5, 6

## INTRODUCTION

Boiled to its essence, Plaintiff's argument is that a 900-day delay in bringing its motion to remand should be considered timely. Plaintiff incorrectly assesses the application of 28 U.S.C. § 1447(c) to the case at hand. When Section 1447(c)'s thirty-day filing requirement is read in concert with Section 1452(b), Section 1447(c) imposes on movents an obligation to file any motion to remand in a timely manner.

## ARGUMENT

### A. Plaintiff's Delay Contravenes the Federal Remand Statutes

Minimizing the significance courts place on both federal remand statutes, in particular 28 U.S.C. §§ 1447(c) and 1452(b) ("Section 1447(c)" and "Section 1452(b)"), and the interplay between those sections, Plaintiff concludes that Section 1452(b)'s silence as to time permits a two and a half year delay. That conclusion is at odds with a proper application of relevant statutes and case law.

Plaintiff's motion to remand implicates both the bankruptcy remand statute, Section 1452(b), and the general federal remand statute, Section 1447(c).[1] The United States Supreme Court analyzed the relationship between these two statutes in *Things Remembered v. Petrarca*, 516 U.S. 124, 129 (1995) and held that when a conflict between the statutes does not exist, Section 1447(c) can coexist with Section 1452(b). In other words, Section 1447(c) should be read to supplement Section 1452(b) as long as such "gap filling" is not inconsistent with section 1452(b).[2] Plaintiff argues in her answering brief that section 1452(b)'s silence as to timing permits a 900-day delay in seeking remand, and that *Things Remembered* is inapplicable

---

[1] *See Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935 (Bankr. E.D. Cal. 1997).

[2] *See Billington*, 207 B.R. at 939 (interpreting *Things Remembered*).

to the present case because it dealt with a defective removal. The reasoning of *Things Remembered*, however, instructs that Section 1452(b) should be read in conjunction with Section 1447(c), including in the present case Section 1447(c)'s strict thirty-day deadline to bring remand actions. Accordingly, the thirty-day filing requirement applies equally to motions for remand under Section 1447(c) and Section 1452(b), providing a reasonable restriction to prevent 900-day delays.

In her answering brief, Plaintiff acknowledges that Section 1452(b) works in conjunction with Bankruptcy Rule 9027(d), and cites to Bankruptcy Rule 9027's silence on timing to bolster her position that she could wait indefinitely to file a motion for remand.[3] When a conflict or difference exists between a statute and a bankruptcy rule, however, the terms of the statute prevail. In an analogous remand situation, in *In re Asbestos Litigation*, the District Court recognized the conflict between the time restrictions in U.S.C. Section 1446 and Bankruptcy Rule 9027, and held that to the extent that the two conflict, the statute trumps the rule.[4] Similarly, here the thirty-day time limitation of Section 1447(c) prevails over Rule 9027's silence as to time.

Plaintiff also relies heavily on *Billington v. Winograde* for the proposition that "there being no specified deadline, any motion to remand under 28 U.S.C. § 1452(b) and rule 9027(d) is timely."[5] In *Billington*, however, the court based its ruling on a lack of subject matter jurisdiction, which may be raised at any time in a proceeding, and the above-quoted language referring to the timeliness of the remand motion is mentioned in dicta. The defect in the case at

---

[3] *Answering Brief*, p. 11.

[4] *See In re Asbestos Litigation*, 2002 U.S. Dist. LEXIS 3083, *9 (D. Or. 2002).

[5] *Answering Brief* p. 11.

hand is not a lack of subject matter jurisdiction, but a delay of two and a half years in bringing a remand motion.[6]

In sum, the Bankruptcy Court did not properly assess the effect of Plaintiff's delay in light of Section 1447(c)'s thirty-day filing requirements. Accordingly, this Court should find that the Bankruptcy Court erred in granting the Plaintiff's motion to remand.

Separately, Plaintiff advances a waiver argument, stating that "Rexel never raised the issue of the timeliness of the original remand motion . . .and the Court should therefore not consider it on this appeal."[7] Plaintiff suggests that orders of the lower courts effecting transfer and referral of her lawsuit have somehow effected a waiver of Rexel's right to object to remand. However, in the proceeding below Rexel vehemently opposed the timeliness of Plaintiff's remand motion, the motion before the Bankruptcy Court, devoting virtually its entire memorandum of law to the timeliness issue. Moreover, the orders of the lower courts that Plaintiff suggests "preserve" her right to seek remand created no independent rights. The import of the plain language of the orders, as quoted in the Answering Brief, is that they are without prejudice to the remand issue.[8] Whatever rights Plaintiff had to seek remand, and whatever limitations were imposed on any such rights by Sections 1447(c) as applicable to Section 1452, were neither prejudiced nor determined by the orders of transfer and referral. As a result, Plaintiff's waiver arguments must fail.

---

[6] Although Plaintiff hints at a lack of subject matter jurisdiction at the end of her first argument, there is no indication that the Bankruptcy Court lacks jurisdiction in a matter involving indemnification (and potential challenges to indemnification) from the debtors' estate.

[7] *Answering Brief*, p. 15.

[8] Answering Brief, p. 4.

### B. Bankruptcy Court Improperly Shifted the Burden of Proof

Aside from not giving adequate import to the interaction between the federal remand statutes, the Bankruptcy Court failed to place the burden of proof on Plaintiff to justify remand. In Plaintiff's Answering Brief, she states that she "did not have to justify remand outside the statutory period" because section 1452(b), unlike Section 1447(c), is silent as to time.[9] Even if the time limits of Section 1447(c) did not apply to temporally limit relief under Section 1452(b), the burden still would rest with Plaintiff to justify remand two and a half years after removal of the case. Courts assessing requests for remand have recognized that "[w]hen a party files a motion to remand challenging the removal of the action from state court, the burden falls squarely upon the removing party to establish its right . . . by competent proof."[10]

With respect to the equitable doctrine of laches referenced by the Bankruptcy Court and relied upon by the Plaintiff in her answering brief, Rexel did not premise its opposition to remand on the doctrine of laches - Rexel's position is premised on the statutorily-imposed time requirements of the federal remand statutes. Plaintiff's delay went beyond the thirty-day filing requirement of Section 1447(c), which should be read to supplement Section 1452(b). Nevertheless, even viewing the remand motion through the prism of the common law doctrine of laches, Plaintiff has consistently avoided providing <u>any</u> explanation for her dilatory filing, and accordingly has provided no "competent proof" to support the granting of equitable relief.

---

[9] *See Answering Brief*, p. 18.

[10] *In re Methyl Tertiary Butyl Ether*, 341 F. Supp. 2d 386, 395 (S.D.N.Y. 2004).

### C. The Court Should Maintain One Forum for Litigation

Although the Plaintiff's original complaint states that her claims arise from an injury allegedly caused by the debtor's product lines, she subsequently amended her complaint to include Rexel as a defendant. Rexel holds indemnification claims against the debtor arising from the Plaintiff's lawsuit. Those indemnification claims are core, or at least "related to" the debtor's bankruptcy, and will have to be litigated in the bankruptcy court.[11] The potential inefficient administration of the bankruptcy estate that results from duplicitous proceedings outweighs any equitable factors supporting a separate trial in New York. As noted by the Chapter 7 Trustee for the debtor's estate, the "remand of the Plaintiff's claims to State Court would effect [sic] the efficient administration of the Bankruptcy Estate since Rexel's indemnification claim would be litigated in the Bankruptcy matter while the Plaintiff's claims would be litigated in State Court."[12] Having to coordinate discovery and litigation in two fora, when the ability exists to conduct such litigation in one forum- the Bankruptcy Court- would be counterproductive.

### CONCLUSION

The Bankruptcy Court failed to properly review the Plaintiff's remand motion in light of Section 1447(c)'s 30-day filing requirement, and failed to hold Plaintiff, the party responsible for the two and a half year delay in bringing the remand motion, to its burden of proof. The Bankruptcy Court's Order granting the Plaintiff's untimely motion to remand should be reserved.

---

[11] *See In re Primary Health Services, Inc.*, 227 B.R. 479, 481 (Bankr. N.D. Ohio 1998)(maintaining jurisdiction over proceeding regarding the allowance of attorney's fees because such proceedings are core).

[12] R. Des. No. 52.

-7-

Respectfully submitted,

PEPPER HAMILTON LLP

By: _____
David M. Fournier (DE No. 2812)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Fax: (302) 421-8390

Attorneys for Appellant, Rexel, Inc.

Dated: June 15, 2005

Case 1:04-cv-00850-GMS    Document 23    Filed 06/15/2005    Page 10 of 15

Page 2
2002 U.S. Dist. LEXIS 3083, *

LEXSEE 2002 U.S. DIST. LEXIS 3083

In re: ASBESTOS LITIGATION.

CV No:01-1790-PA

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

**2002 U.S. Dist. LEXIS 3083**

**February 1, 2002, Decided**

**DISPOSITION:** [*1] Plaintiff's motion for remand was granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff brought a products liability action against defendant manufacturers and suppliers of asbestos-containing materials. Among defendants were corporations and successors in interest to corporations that manufactured, distributed, or used automobile brake parts containing asbestos. Plaintiff moved to remand the action.

**OVERVIEW:** A successor in interest, who was not a party to the action, filed a Chapter 11 petition for bankruptcy. The automaker defendants contended that the friction product claims were related to the successor in interest's bankruptcy proceeding because the automaker defendants may have had indemnity or contribution claims against the successor in interest. The automaker defendants argued that consolidation would allow one court to determine the admissibility of causation evidence and sought removal. The court found, however, the automaker defendants' notice for removal was untimely and also fatally flawed. The automaker defendants failed to show that subject matter jurisdiction existed based on the successor in interest's bankruptcy proceedings. The automaker defendants did not support their contention that indemnity and contribution claims would exist against the successor in interest with factual support.

**OUTCOME:** Plaintiff's motion for remand was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Removal Proceedings*
[HN1] The court should construe the removal statute strictly against removal. The defendant has the burden of showing that removal is proper.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action*
[HN2] A provisional transfer order does not relieve the court of its primary and independent duty to determine its own subject matter jurisdiction.

*Civil Procedure > Removal > Removal Proceedings*
[HN3] Under *Fed. R. Bankr. P. 9027*, if a claim is pending when a case under the Bankruptcy Code is commenced, the party may file a notice of removal 90 days after the order for relief in the case under the Bankruptcy Code. Under *28 U.S.C.S. § 1446*(b), a defendant has 30 days to file a notice of removal after receiving, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Bankruptcy Law > Chapter 11 (Reorganization) > Postconfirmation > Jurisdiction*
[HN4] Removals based on bankruptcy jurisdiction are governed by *28 U.S.C.S. § 1452*(a), which provides that a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under *28 U.S.C.S. § 1334*. *28 U.S.C.S. § 1452* contains no deadlines for seeking removal.

*Civil Procedure > Removal > Removal Proceedings*
[HN5] Just as the procedural requirements of *28 U.S.C.S.*

Case 1:04-cv-00850-GMS   Document 23   Filed 06/15/2005   Page 11 of 15

Page 3
2002 U.S. Dist. LEXIS 3083, *

§ 1447 apply to bankruptcy removals under 28 U.S.C.S. § 1452, so also do the deadlines set in 28 U.S.C.S. § 1446(b). There is no conflict between 28 U.S.C.S. §§ 1446 and 1452.

*Governments > Courts > Judicial Precedents*
[HN6] When a statute and a rule directly conflict, the statute wins.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction*
[HN7] Under 28 U.S.C.S. § 1334, district courts have original but not exclusive jurisdiction of all civil proceedings related to cases under title 11. The test for "related to" jurisdiction is worded broadly: whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. However, "related to" jurisdiction cannot be limitless.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action*
[HN8] The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of 28 U.S.C.S. § 1471(b). Judicial economy itself does not justify federal jurisdiction. Jurisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.

*Bankruptcy Law > Chapter 11 (Reorganization) > Postconfirmation > Jurisdiction*
[HN9] Speculative, theoretical claims are not sufficient to show "related to" bankruptcy jurisdiction.

*Civil Procedure > Removal > Postremoval Remands*
[HN10] See 28 U.S.C.S. § 1447(c).

*Civil Procedure > Removal > Postremoval Remands*
[HN11] A federal district court has wide discretion in deciding whether to award costs and fees under 28 U.S.C.S. § 1447(c). Bad faith is not a prerequisite for an award of fees under 28 U.S.C.S. § 1447(c).

**COUNSEL:** For plaintiffs: Lloyd F. LeRoy, Brayton Purcell, Novato, California.

For plaintiffs: Robyn L. Stein, Brayton Purcell, Dain Paulson, Landeye Bennett Blumstein L.L.P., Portland, OR.

For General Motors Corporation, DaimlerChrysler Corporation, and Ford Motor Company, defendants: Philip R. Cosgrove, Grace Genson Cosgrove & Schirm, P.C., Los Angeles, CA.

For General Motors Corporation, defendant: Mark J. Fucile, Stoel Rives L.L.P., Portland, OR.

For DaimlerChrysler, defendant: Mark A. Hiefield, Bodyfelt Mount Stroup & Chamberlain, Portland, OR.

For Ford Motor Company and Honeywell International, Inc., defendants: Richard K. Hansan, Schwabe Williamson & Wyatt, P.C., Portland, OR.

For Nissan North America, Inc. and Volkswagen of America, Inc., defendants: Douglas G. Pickett, Martin, Bischoff, Templeton, Langslet & Huffman L.L.P., Portland, OR.

**JUDGES:** OWEN M. PANNER, U.S. DISTRICT COURT JUDGE.

**OPINIONBY:** OWEN M. PANNER

**OPINION: PANNER, J.**

Plaintiff brings this products liability action against manufacturers and suppliers of asbestos-containing materials. Among the defendants are corporations and successors in interest [*2] to corporations that manufactured, distributed, or used automobile brake parts containing asbestos (the automaker defendants). These defendants removed what they refer to as friction product claims from Multnomah County Circuit Court to this court.

Plaintiff moves to remand. I grant plaintiff's motion.

**BACKGROUND**

Plaintiff filed this products liability action in late 2000. At the time of filing, there was no basis for federal jurisdiction.

Federal-Mogul Global Inc. (Federal Mogul) is allegedly a successor in interest to several businesses that manufactured or distributed brake parts containing asbestos. Federal Mogul is not named as a defendant in this action.

On October 1, 2001, Federal Mogul filed a Chapter 11 petition for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. The automaker defendants, which are also named as defendants in friction product claims across the United States, filed a motion in the Delaware bankruptcy court to transfer the friction product claims to the U.S. District Court for the District of Delaware. The automaker defendants contend that the friction product claims are "related to" the Federal-

Case 1:04-cv-00850-GMS    Document 23    Filed 06/15/2005    Page 12 of 15

Page 4
2002 U.S. Dist. LEXIS 3083, *

Mogul bankruptcy proceeding because [*3] the automaker defendants may have indemnity or contribution claims against Federal-Mogul. See *28 U.S.C. § 1334* (district courts have "original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11"). Defendants argue that consolidating the friction product claims would allow one court to determine the admissibility of causation evidence.

On December 10, 2001, U.S. District Judge Alfred M. Wolin provisionally granted the automakers' motion to transfer friction product claims to the U.S. District Court for the District of Delaware "subject to further Order of the Court." Judge Wolin withdrew the reference to the Bankruptcy Court "with respect to the Transfer Motion and the provisional transfer motion, and with respect to matters involving subject matter jurisdiction, abstention and remand regarding the Friction Product Claims." Judge Wolin also ordered that clerks of U.S. District Courts with friction product claims "retain physical possession of their files of each transferred matter pending a final determination of the Transfer Motion and further Order of this Court."

Defendants here filed their notice of removal [*4] in mid-December 2001. In the notice of removal, defendants assert that the case should be transferred to the District of Delaware for resolution with other friction product claims.

On January 3, 2002, Judge Wolin issued an order clarifying the provisional transfer order. The January order provided that cases removed by defendants after entry of the provisional transfer order were also subject to transfer.

**STANDARDS**

[HN1] The court should construe the removal statute strictly against removal. See *Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)*. The defendant has the burden of showing that removal is proper. See *Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)*.

**DISCUSSION**

**I. This Court Has an Independent Duty to Determine Whether Removal to the District of Oregon Is Valid**

Defendants contend that this court lacks jurisdiction to decide the motions to remand. Defendants cite an order issued by Judge Charles R. Breyer, U.S. District Judge for the Northern District of California, which states:

Before the Court could decide [the plaintiffs'] motion to remand, . . . the United States District Court for the District of [*5] Delaware provisionally transferred all friction claims against the removing defendants -- including the claims removed to this Court -- to the District of Delaware. See *28 U.S.C. § 157(b)(5)*; see also *In re Dow Corning Corp., 1995 Bankr. LEXIS 1123, 1995 WL 95978* (Bkrtcy. E.D. Mich. Aug. 9, 1995) (discussing provisional transfer pursuant to section 157(b)(5)). As the only claims that were removed to this Court have been transferred to the District of Delaware, there are no claims pending in this Court for the Court to remand. Accordingly, plaintiffs' motion to remand is DENIED without prejudice to plaintiffs renewing their motion should the District of Delaware rescind its provisional transfer order and return the friction claims to this Court.

*Edmiston v. General Motors Corp., 2001 U.S. Dist. LEXIS 22605*, No. C-01-4397 CRB, slip op. at 2 (N.D. Cal. Dec. 17, 2001).

The order in Edmiston is distinguishable because it does not address the validity of the removal from the California state court to the U.S. District Court for the Northern District of California. Instead, the court apparently assumed that the defendants had properly removed the friction product claims from the California [*6] state court.

Despite my great respect for Judge Breyer, I conclude that this court must address the merits of plaintiff's motion to remand rather than treating the friction product claims as having already been transferred to the District of Delaware. Before the provisional transfer order can be effective, this court must have jurisdiction over the removed claims. [HN2] The provisional transfer order does not relieve this court of its primary and independent duty to determine its own subject matter jurisdiction. See *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1009 (9th Cir. 2000)*. That duty should not be delegated to another court. See *In re Claims Removed by Honeywell Int'l. Inc., 179 F. Supp. 2d 649, 2002 WL 13277*, at *2 (S.D. W. Va. Jan. 4, 2002) (rejecting argument that the federal district court was "a mere pass-through forum" between the state court and the District of Delaware).

## II. Defendants' Notice of Removal Is Not Timely

Plaintiff contends that defendants' notice of removal is not timely because they filed it more than thirty days after receiving notice of Federal Mogul's bankruptcy [*7] petition. I agree with plaintiffs that the thirty-day deadline in *28 U.S.C. § 1446*(b) governs rather than the ninety-day deadline in Bankruptcy Rule 9027(a). See Thomas B. Bennett, Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!, *27 Cumb. L. Rev. 1037, 1057-62 (1997)*. Compare *Textron Inv. Mgmt. Co. v. Struthers Thermo-Flood Corp., 169 B.R. 206, 210 (D. Kan. 1994)* (Rule 9027's deadlines apply to bankruptcy removals) with *State Bank of Lombard v. Chart House, Inc., 46 B.R. 468, 472-73 (N.D. Ill. 1985)* (§ 1446's deadlines apply).

[HN3] Under Bankruptcy Rule 9027, if a claim is pending when a case under the Bankruptcy Code is commenced, the party may file a notice of removal "90 days after the order for relief in the case under the [Bankruptcy] Code." Under § 1446(b), a defendant has thirty days to file a notice of removal after receiving, through service or otherwise, of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Federal Mogul sought bankruptcy protection [*8] on October 1, 2001, but defendants did not file the notice of removal until mid-December 2001.

[HN4] Removals based on bankruptcy jurisdiction are governed by *28 U.S.C. § 1452*(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1452 contains no deadlines for seeking removal.

The Supreme Court has not addressed this precise issue, but in an analogous situation it ruled that the procedural requirements of § 1447(d) applied to bankruptcy removals under § 1452. See *Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128-29, 133 L. Ed. 2d 461, 116 S. Ct. 494 (1995)*. The Court stated:

> There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing [*9] certain types of remand in bankruptcy, see § 1452(b) (authorizing remand on "any equitable ground" and precluding appellate review of any decision to remand or not to remand on this basis), does not change our conclusion. There is no reason § § 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both.

*Id.* at 129 (citation omitted). The same logic applies here. [HN5] Just as the procedural requirements of § 1447 apply to bankruptcy removals under § 1452, so also do the deadlines set in § 1446(b). There is no conflict between § 1446 and § 1452.

Given the reasoning of Things Remembered, the court is left with a conflict only between § 1446 and Bankruptcy Rule 9027. [HN6] When a statute and a rule directly conflict, the statute wins. See *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984)*. See also Bennett, Removal, Remand, and Abstention, *27 Cumb. L. Rev. at 1059-60* (explaining why Rule 9027 cannot supersede § 1446).

Defendants' notice of removal was not timely. I grant plaintiff's motion for remand. [*10]

## III. No "Related To" Bankruptcy Jurisdiction Over Friction Product Claims

Defendants' notice of removal is not only untimely, but is also fatally flawed in another way. Defendants have failed to show that subject matter jurisdiction exists based on Federal Mogul's bankruptcy proceedings.

[HN7] Under *28 U.S.C. § 1334*, district courts have "original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11." (Emphasis added.) The test for "related to" jurisdiction is worded broadly: whether "'the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Fietz v. Great W. Sav. (In re Fietz), 852 F.2d 455, 457 (9th Cir. 1988)* (quoting *Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)* (omitting emphasis). However, "related to" jurisdiction "cannot be limitless." *Celotex Corp. v. Edwards, 514 U.S. 300, 308, 131 L. Ed. 2d 403, 115 S. Ct. 1493 (1995)*. The leading appellate opinion on "related to" jurisdiction, Pacor, stated that

Case 1:04-cv-00850-GMS    Document 23    Filed 06/15/2005    Page 14 of 15

Page 6
2002 U.S. Dist. LEXIS 3083, *

[HN8] the mere fact that there may be common issues of fact between a civil proceeding [*11] and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction. "Jurisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist." *In re Haug, 19 B.R. 223, 224-25 (Bankr. D. Ore. 1982).* See also *In re McConaghy, 15 B.R. 480, 481 (Bankr. E.D. Va. 1981)* (Bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest).

*743 F.2d at 994* (citation omitted).

I conclude that defendants have not shown that this action would affect the Federal Mogul bankruptcy proceedings. Defendants, who have the burden of establishing jurisdiction, assert hypothetical indemnity and contribution claims against Federal Mogul with almost no factual support. [HN9] Such speculative, theoretical claims are not sufficient to show "related to" bankruptcy jurisdiction. See *In re Asbestos Litigation, 271 B.R. 118, 123-25 (S.D. W. Va. 2001)* (rejecting "related to" jurisdiction because [*12] the automaker defendants had not made sufficient factual showing that they had potential contribution or indemnity claims against Federal Mogul); *Skylark v. Honeywell Int. Inc.,* 2002 U.S. Dist. LEXIS 10554, No. 01-5069-CIV-Graham/Turnoff, slip op. at 7-8 (S.D. Fla. Jan. 25, 2002) (alleged cross-claims asserted by asbestos defendant were "simply too speculative and premature to support removal"). Defendants were unable to cite a single example of a contribution or indemnity claim brought against Federal Mogul. Cf. *Arnold v. Garlock, Inc., 278 F.3d 426, 2001 WL 1669714, at *11 (5th Cir. 2001)* (asbestos defendant Garlock "has never litigated a contribution claim to collection in any of approximately 250,000 previous asbestos lawsuits in which Garlock was a co-defendant").

### IV. Attorney's Fees

Plaintiff seeks costs and attorney's fees under [HN10] § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." [HN11] This court has "wide discretion" in deciding whether to award costs and fees under § 1447(c). *Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992).* [*13] Bad faith is not a prerequisite for an award of fees under § 1447(c). Id.

Here, I decline to award plaintiff costs and fees. There is a split of authority over the propriety of removal under these facts.

### CONCLUSION

Plaintiff's motion for remand (# 7) is granted. The Clerk of the Court shall mail a certified copy of this order to the clerk of the state court.

DATED this 1st day of February, 2002.

/s/ Owen M. Panner

U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I, David M. Fournier, hereby certify that on June 15, 2005, I served the foregoing Reply Brief of Appellant Rexel, Inc. to be served upon the following entities by causing copies of the same to be placed in the United States Mail, first class, postage pre-paid, addressed to:

Carl N. Kunz, III, Esq.
Morris, James, Hitchens & Williams, LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE 19899

Office of the United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

Barbara Olk, Esq.
Trief & Olk
150 E. 58th Street, 34rd Floor
New York, NY 10155

Robert H. Levin, Esq.
Robert J. Lenahan, Esq.
Adelman Lavine Gold & Levin, PC
1900 Two Penn Center Plaza
Philadelphia, PA 19102

Regis Staley
WHITE, QUINLEN & STALEY
377 Oak Street
Garden City, NY 11530
(516) 222-2434


Dated: June 15, 2005
Wilmington, DE

David M. Fournier (No. 2812)