IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: WILCOX & GIBBS, INC., et al., )<br>)<br>Debtors. )<br>_____) <br>)<br>REXEL, INC., )<br>)<br>Appellant, )<br>v. )<br>)<br>JUDITH MONTILLA, )<br>)<br>Appellee. ) | C.A. No. 04-850-GMS |

### ORDER

1. On July 13, 2004, Rexel, Inc. ("Rexel") filed an appeal from the March 4, 2004 Memorandum Opinion and Order of the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), which granted Judith Montilla's ("Montilla") motion for remand, and remanded this personal injury action to the Supreme Court of the State of New York, County of Kings (the "Kings County Supreme Court"). Rexel also filed an appeal from the May 15, 2004 Order of the Bankruptcy Court, which denied its motion for reconsideration of the remand Order.

2. The facts of this action are set forth in the Bankruptcy Court's March 4, 2004 unpublished opinion, *In re Willcox & Gibbs, Inc.*, Case No. 99-00928 (JHW) (D.I. 61.)

3. The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) (2004) and 28 U.S.C. § 1334. In reviewing a case on appeal, the Bankruptcy Court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991), *cert. denied*, 503 U.S. 937, (1992).

Conversely, a Bankruptcy Court's conclusions of law are subject to plenary review. *See id.* Mixed questions of law and fact are subject to a "mixed standard of review." *See id.* at 641-42. Under this "mixed standard of review," the appellate court accepts findings of "historical or narrative facts unless clearly erroneous, but exercise[s] plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts." *Id.*

4. After having reviewed the opinion of the Bankruptcy Court, as well as the parties' submissions, the court concludes that the Bankruptcy Court correctly determined that this action should be remanded to the Kings County Supreme Court.

    a. First, the court agrees with and adopts the Bankruptcy Court's analysis and conclusion that the effect of the Orders issued by the Eastern District of New York and the District of Delaware was to authorize it to treat the remand motion as a continuation or renewal of the original remand motion filed in the Eastern District of New York.

    b. The court also adopts the analysis and conclusion reached by the Bankruptcy Court regarding Rexel's equity argument. That is, the court concludes that the Bankruptcy Court correctly decided that the equities weigh in favor of remand.

5. Finally, the court finds that the Bankruptcy Court properly denied Rexel's motion for reconsideration.

For the aforementioned reasons, IT IS HEREBY ORDERED that:

1.  The March 4, 2004 Order of the Bankruptcy Court is AFFIRMED.

2.  The May 19, 2004 Order of the Bankruptcy Court is AFFIRMED.


Dated: March 31, 2006                    /s/ Gregory M. Sleet
                                         UNITED STATES DISTRICT JUDGE